UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICO A. WELCH,

                Petitioner,

     v.                                            **DECISION AND ORDER**
                                                        06-CR-294S
                                                        08-CV-44S

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is *pro se* Petitioner Rico A. Welch's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255. Petitioner alleges that his conviction in this Court was unconstitutionally or unlawfully obtained. For the reasons discussed below, Petitioner's motion is denied.

## II. BACKGROUND

On January 22, 2007, Petitioner appeared before this Court, and pled guilty to a two-count Indictment charging him with unlawful possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1). (Docket Nos. 1, 12.)

In the plea agreement, Petitioner acknowledged that:

> a) On May 14, 2005 . . . at his residence at 2020 Pine Avenue, Apartment #7, Niagara Falls, New York 1610 Pine Avenue in the city of Niagara Falls, New York, in the Western District of New York, [he] unlawfully, did knowingly possess a quantity of ammunition . . . .
>
> b) At the same time and place, the defendant possessed 1.19 pounds of a mixture and substance containing marijuana, a Schedule I controlled substance.

(Docket No. 12, ¶¶ 5.)

On May 23, 2007, this Court sentenced Petitioner to an 18-month term of imprisonment for his conviction on Count One of the Indictment and to an 18-month term of imprisonment for his conviction on Count Two of the Indictment, to run concurrently, and a 3-year term of supervised release on each count, to also run concurrently. (Docket Nos. 17, 20.)

On January 17, 2008, Petitioner filed the instant motion. Plaintiff's original motion was entitled a "Petition for Writ of Habeas Corpus by Person in Federal Custody, Pursuant to 'The Judiciary Act of February 5th, 1967, c 28, § 1, 14 Stat 385-384', as quoted in Fay v. Noia, 372 US 391, 441-443 (1963)." (Docket No. 21.) This Court interpreted Petitioner's motion as a Motion to Vacate, Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 on May 20, 2008. (Docket No. 23.) The Government filed its response on June 30, 2008. (Docket No. 24.)

### III. DISCUSSION

**A.     Standard of Review**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

**B.    Petitioner's § 2255 Motion**

In his motion, Petitioner argues that this Court was without jurisdiction over his case and the charges contained in the Indictment. Specifically, Petitioner states that this Court "does not have any proof of subject-matter jurisdiction affirmatively on the record, since the court's subject-matter jurisdiction does not appear on the record, the said court is without jurisdiction." (Docket No. 21.) Petitioner also alleges that the officers of the court knew the Court lacked jurisdiction, but remained silent.

In response, Respondent argues that the Indictment charges Petitioner with committing the stated offenses "in the Western District of New York." Respondent proceeds to discuss the constitutional basis for holding an individual criminally liable under 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1).

This Court agrees with Respondent's arguments. The Indictment clearly charges petitioner with committing the stated offenses in the Western District of New York. Petitioner himself, in the plea agreement, agreed that he committed the acts charged in the City of Niagara Falls, New York, in the Western District of New York. There is thus no

question that this Court had territorial jurisdiction over the crimes alleged and pled to.

Additionally, the Indictment clearly lays out, as to Count One, that the crime was "in and affecting commerce." (Docket No. 1.) In so doing, the Indictment satisfies the subject-matter jurisdiction element of § 922(g). See United States v. Santiago, 238 F.3d 213, 216 (2d Cir. 2001) (noting that § 922(g) contains express jurisdictional element requiring government to prove sufficient nexus between charges offense and interstate or foreign commerce).

Similarly, this Court had subject matter jurisdiction over Count Two because that charge alleged the possession of, with the intent to distribute, a controlled substance. Congress has made specific findings and declarations that controlled substances have a "substantial and direct effect" on interstate commerce. 21 U.S.C. § 801(3). Further, the Supreme Court has upheld Congress' power to criminalize the manufacture, distribution, and possession of controlled substances, even where they are used and produced locally. Gonzales v. Raich, 545 U.S. 1, 33, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005).

In light of this, Petitioner's contention that the Indictment lacked jurisdictional elements is wholly without merit.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction is denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of

Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 21) is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close both 06-CR-294S and 08-CV-044S.

SO ORDERED.


Dated:   February 20, 2012
        Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          Chief Judge
                                          United States District Court